UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN WARREN AND LISA
MURRAY,

    Plaintiffs,

v.                     CASE NO.  8:09-CV-2153-T-17EAJ

PEPIN & PEARL, INC.,
A Florida Corporation,
and JO'EL RIVERA,
Individually,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 20   Motion for Default Judgment
Dkt. 22   Opposition

The Complaint in this case includes Plaintiffs' claims for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b).

Plaintiffs Karen Warren and Lisa Murray filed Notices of Consent to Join (Dkt. 3). Danielle Hayes also filed a Notice of Consent to Join (Dkt. 14).

A Joint Motion to Approve FLSA Settlement was filed (Dkt. 18), seeking court approval of the Settlement Agreement attached to the Joint Motion, pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)(district court may enter stipulated judgment after scrutinizing settlement

Case No. 8:09-CV-2153-T-17EAJ

for fairness). The Court approved the settlement, based on the terms of the attached settlement agreement, finding that the agreement represented a reasonable compromise of Plaintiffs' claims (Dkt. 19). The Settlement Agreement provided for payment of all overtime pay to each claimant, and 50% of each claimant's liquidated damages, to Karen Warren, Lisa Murray and Danielle Hays, and for payment of attorney's fees to Plaintiffs' counsel. The Settlement Agreement included a specific schedule for six installment payments. The final payment was due on October 15, 2010. At the time the Court approved the settlement on May 10, 2010, the Court administratively closed this case, pending filing of a stipulation for dismissal within sixty days. The Order approving the settlement states that if no stipulation for dismissal is filed within sixty days, the case will be dismissed with no further order.

No stipulation for dismissal was filed, and the Court did not enter an order finally dismissing this case. This case remains administratively closed.

Defendants have made none of the payments which Defendants agreed to pay under the Settlement Agreement. Plaintiffs have moved for entry of Default Judgment under Fed.R.Civ.P. 55(b)(2), seeking entry of individual judgments: 1) $2380.44, in favor of Karen Warren and against Defendants Pepin & Pearl, Inc., a Florida corporation, and Jo'el Rivera individually; 2) $348.78 in favor of Lisa Murray and against Defendants Pepin & Pearl, Inc., a Florida corporation, and Jo'el Rivera, individually; 3) $870.09, in favor of opt-in Plaintiff Danielle Hayes, and against Defendants Pepin & Pearl, Inc., a Florida corporation, and Jo'el Rivera, individually; and 4) $3,500, in favor of Morgan & Morgan,

Case No. 8:09-CV-2153-T-17EAJ

P.A., and against Defendants Pepin & Pearl, Inc., a Florida corporation, and Jo'el Rivera, individually.

Defendants oppose Plaintiffs' Motion. Defendants argue that this case was dismissed effective June 9, 2010. Defendants argue that the parties did not request that the Court retain jurisdiction to enforce the parties' Agreement. Defendants therefore contend that the Court lacks subject matter jurisdiction to enforce the Agreement and to award the relief requested In Plaintiff's Motion for Default Judgment.

I. Discussion

A. The Complaint

At the outset, the Court notes that the Complaint does not state on its face that the Complaint is a collective action. There are no allegations within the Complaint which reflect that the Complaint is intended to proceed as a collective action for the named Plaintiffs and on behalf of other similarly situated employees. There is only a general allegation that the Complaint is brought under 29 U.S.C. Sec. 216(b). The Complaint also refers to "Exhibit A", a payroll ledger showing Plaintiff Karen Warren's alleged overtime, which is not attached to the Complaint.

Because this case was resolved by settlement, the Court did not request amendment to cure the above problems. However, since this litigation has not been finally resolved, the Court directs that Plaintiffs file an Amended Complaint to cure the above omissions.

Case No. 8:09-CV-2153-T-17EAJ

B. Administrative Closure

Administrative closure has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage facility. An administrative closure order does not bar a party from restoring the action to the Court's active calendar upon an appropriate application. The Court retains the authority to reinstate a case if it concludes that the administrative closure was improvident or if the circumstances that sparked the closing abate. Lehman v. Revolution Portfolio, LLC, 166 F.3d 389 (1st Cir. 1999).

The Court has considered whether the Order Approving Settlement should be considered a consent decree or merely an order approving a private settlement agreement. The Court does not have inherent authority to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction. Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375 (1994). Where a district court either incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, the district court may enforce the settlement agreement in the absence of a formal consent decree. The district court's approval of a settlement, coupled with its explicit retention of jurisdiction to enforce its terms, are the functional equivalent of a consent decree. American Disability Association, Inc. V. Chmielarz, 289 F.3d 1315 (11th Cir. 2002).

The Court notes that the Order Approving Settlement refers to the Settlement Agreement, but does not explicitly incorporate

4

Case No. 8:09-CV-2153-T-17EAJ

the Settlement Agreement's terms and require compliance with the terms. However, since this case remains administratively closed, the Court can enter an Amended Order Approving Settlement to explicitly incorporate the Settlement Agreement and require compliance. Accordingly, it is

**ORDERED** that Plaintiffs shall file an Amended Complaint to cure the omissions noted above within fourteen days. Upon the filing of the Amended Complaint, the Court will enter an Amended Order Approving Settlement which explicitly incorporates the terms of the Settlement Agreement and requires compliance. The Court **denies** the Motion for Default Judgment without prejudice, subject to refiling.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 2ND day of November, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record